**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6521

SHAUN LOVE,

Petitioner - Appellant,

v.

LARRY EDMONDS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:23-cv-00635-DJN-MRC)

Submitted:  October 30, 2024                    Decided:  November 5, 2024

Before WYNN, HARRIS, and BERNER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Shaun Michael Love, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaun Love seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 148 & n.9 (2012) (explaining that § 2254 petitions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2244(d)(1)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez*, 565 U.S. at 140-41 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Love has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] On appeal, Love does not dispute that his § 2254 petition was untimely. Rather, he maintains that the untimeliness should be excused because he has established a gateway claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). We conclude that reasonable jurists could not debate the district court's rejection of that argument.

2